The Honorable Sue Madison State Representative 573 Rock Cliff Road Fayetteville, AR 72701
Dear Representative Madison:
This is in response to your request for an opinion on the following questions:
 1. Can a person 18 years of age or older make a declaration governing the final disposition of their bodily remains which grants these powers to an individual other than their next of kin?
 2. Can a person 18 years of age or older make arrangements for donation of body organs and grant such powers to an individual other than their next of kin?
 3. Can a person 18 years of age or older make such declarations prior to their demise which outline the disposition of their bodily remains to be carried out by a funeral service as stipulated in the declaration?
With regard to your first question, it must be initially noted that I am somewhat uncertain as to the exact "powers" which you envision being granted under the declaration. The right to make a "declaration of final disposition" is found in the Arkansas Final Disposition Rights Act ("Act"), codified at A.C.A. § 20-17-102 (Repl. 1991), which provides as follows:
 (a) This section may be cited as the "Arkansas Final Disposition Rights Act".
 (b) An individual of sound mind and eighteen (18) or more years of age may execute at any time a declaration governing the final disposition of their bodily remains at their death provided such is in accordance with existing laws, rules, and practices for disposing of human remains. The declaration shall be signed by the declarant, or another at the declarant's direction, and shall be witnessed by two (2) individuals.
 (c) No person having possession, charge, or control of the declarant's human remains following the death of a person who has executed a declaration of final disposition shall knowingly dispose of the body in a manner inconsistent with such declaration.
 (d) Nothing in this section shall be construed to affect, repeal, or replace the provisions and procedures set forth in the Arkansas Anatomical Gift Act, § 20-17-601 et seq.
To the extent any ambiguity arises in interpreting the Act, reference to the emergency clause is helpful wherein it states that:
 . . . nothing in the law provides a legal mechanism in which a person can indicate their wishes concerning the disposal of their remains upon death; that cremation has become an acceptable means of disposing of such remains to some persons but there is a reluctance on the part of funeral planners and relatives to honor such option following the passing of the person; that this act will provide such funeral planners with a clear indication to be honored upon the death of the declarant. . . .
Acts 1991, No. 376, § 7
It thus seems clear that the Act is intended to vest those eighteen years of age and older with the right to direct the legal means of disposing of their remains. It should perhaps be noted in this regard that although the courts have ordinarily accorded great deference to the decedent's expressed preference as to disposal of his or her remains, there may be no legal compulsion to follow the decedent's wishes or directions in the absence of A.C.A. § 20-17-102. See generally 25A C.J.S. Dead Bodies § 3 (1966); 22A Am. Jur. 2d Dead Bodies § 30 (1988). The Act thus ensures that the decedent's preference will not be subordinate to the wishes of a surviving spouse or next of kin.
This is not to say, however, that following passage of § 20-17-102, the surviving spouse or nearest relative no longer has any rights with respect to the decedent's remains. While the Act clearly requires compliance with the declarant's wishes concerning disposition, it does not, in my opinion, purport to address rights as to possession or control of the declarant's remains. In this regard, Arkansas courts, like others, have recognized that a quasi-property right in dead bodies vests in the nearest relatives of the deceased, arising out of their duty to bury their dead. See generally 25A C.J.S. at 492 and 22A Am. Jur. 2d at 22. See also Neff v. St. Paul Fire Marine Ins. Co., 304 Ark. 18,799 S.W.2d 795 (1990). And it has been stated that "[i]n the absence of a clear right or statutory command, courts should not interfere with the possession or control by relatives of the body of a deceased person. . . ." 25A C.J.S. at 493.
The only provision in A.C.A. § 20-17-102 concerning custody of the remains is found in subsection (c), which requires that those "having possession, charge, or control of the declarant's human remains" must honor the declaration of final disposition. There is no further effort to address rights in this regard, suggesting that existing law concerning such rights is not affected by § 20-17-102.
In response to your first question, therefore, it is my opinion that the answer is "no," if you are asking whether one can make a declaration of final disposition which, in essence, grants the power to determine the manner or means of disposition to some other individual. I do not believe such a declaration is envisioned under A.C.A. § 20-17-102. Nor, in my opinion, does § 20-17-102 authorize a declarant to override what has long been recognized as the paramount right of a surviving spouse or next of kin to custody or possession of the decedent's remains. Responsibility for ensuring that the body is disposed of in accordance with the declaration will, in my opinion, remain with the surviving spouse or next of kin, or other person charged by law with the responsibility of burial.
The answer to your second question is, in my opinion, "no." The Arkansas Anatomical Gift Act (A.C.A. § 20-17-601 et seq. (Repl. 1991)), provides that an anatomical gift "may be made only by a document of gift signed by the donor." A.C.A. § 20-17-602(b). A suggested form for making an anatomical gift is set out at A.C.A. § 20-17-602(m). It is clear from these provisions that the gift must be made by the donor, or by a survivor in the order of priority listed under A.C.A. § 20-17-603(a).See also generally 22A Am. Jur. 2d Dead Bodies § 119 et seq. There is no provision for granting any powers to other individuals.
I assume that your third question is asked with regard to A.C.A. §20-17-102 (The Arkansas Final Disposition Rights Act), discussed above. It is my opinion that the answer to this question is "no," if you are referring to a declaration which outlines details of the funeral service to be conducted. As noted above in response to your first question, this Act was passed in order to provide a legal mechanism for indicating one's wishes concerning disposal of his or her remains. While it might be contended that the term "declaration of final disposition" encompasses outlining specific details of a funeral service, I am reluctant to opine that this was generally envisioned in light of the Act's limited focus on "disposing of human remains." A.C.A. § 20-17-102(b).
The emergency clause (set out above) sheds further light wherein it notes the reluctance of funeral planners and relatives to dispose of a person's remains by cremation. Acts 1991, No. 376, § 7. Reference to the emergency clause is justified in the case of ambiguity. Heath v. Westark PoultryProcessing Corp., 259 Ark. 141, 531 S.W.2d 953 (1976). In this instance, the emergency clause suggests that the legislature did not intend to address such matters as specifics concerning a funeral service.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh